UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

KITTY L. ATKINS, MARY F. SHEPARD, )
TOMMY SHEPARD and ANDREW SHEPARD, )
                                                                 )
    Plaintiffs, )
                                                                 )
v. )    No. 3:12-CV-77
                                                                 )    (Phillips)
AARON JAMES FOSTER and )
RONALD JAMES FOSTER, )
                                                                 )
    Defendants. )

## MEMORANDUM AND ORDER

This case involves a motor vehicle accident, and is before the court on the defendant Ronald James Foster's motion for summary judgment. The plaintiffs have responded in opposition, requesting discovery under Rule 56(d), Federal Rules of Civil Procedure. Plaintiffs have also moved for leave to amend their complaint.

### I. Summary Judgment Motion

This case arises out of an automobile accident that occurred on April 4, 2011, in which a 2006 Chrysler operated by Aaron Foster collided with a 2004 Dodge Neon operated by Kitty Atkins. Ronald Foster is the owner of the 2006 Chrysler which was involved in the accident of April 4, 2011. Aaron Foster is the son of Ronald Foster. Ronald

Foster states that his son Aaron has not lived in his home for several years and was not a resident of his household on April 4, 2011.

Ronald Foster further states that on April 4, 2011, Aaron Foster had not driven any vehicle owned by Ronald Foster for approximately four years. On April 3, 2011, Aaron spent the night at his father's home in Wilksboro, North Carolina. On April 3, 2011, Ronald Foster parked his 2006 Chrysler in the driveway of his home in Wilksboro, North Carolina. The vehicle was still in the driveway when Ronald Foster went to bed that night. On April 4, 2011, Aaron Foster did not have either express or implied permission from his father to drive the 2006 Chrysler. Ronald Foster states that he did not entrust the 2006 Chrysler to his son, Aaron, at any time on April 3, 2011 or April 4, 2011.

In the early morning of April 4, 2011, Ronald Foster discovered that the vehicle had been taken from his driveway without his knowledge by Aaron Foster. On April 4, 2011, upon discovering that the vehicle had been taken, Ronald Foster called and reported the vehicle stolen to the Wilkes County Sheriff's Department. Ronald Foster later learned that Aaron had been involved in an accident in Tennessee and had been arrested in Loudon County, Tennessee, and charged with two counts of vehicular assault, one count of theft of property (2006 Chrysler), and one count of evading arrest. Aaron Foster entered a guilty plea on all charges with the Criminal Court of Loudon County, Tennessee, and currently resides in the Morgan County Correctional Complex, Wartburg, Tennessee.

Plaintiffs have file the instant action against both Aaron Foster and Ronald Foster. The complaint alleges that Ronald Foster negligently entrusted the vehicle/allowed access to his son Aaron Foster.

On March 29, 2012, Aaron Foster submitted a letter to the court. In the letter, Aaron avers that his father had no part in his actions of April 4, 2011, and had no idea that he had taken the vehicle. He further avers that he was convicted of stealing the 2006 Chrysler. Ronald Foster has moved the court for summary judgment stating that he cannot be liable under the theory of negligent entrustment because there was no entrustment as a matter of law upon the facts.

Plaintiffs have responded by filing a motion under Rule 56(d), Federal Rules of Civil Procedure, requesting a reasonable time to conduct discovery to acquire facts needed to respond to the motion for summary judgment. In support of the motion, plaintiffs state that, to date, no discovery has been conducted in this case. Because Ronald Foster has denied that he negligently entrusted the 2006 Chrysler to Aaron Foster, plaintiffs need the opportunity to inquire further into the circumstances surrounding Aaron Foster's obtaining the 2006 Chrysler from Ronald Foster. These facts are currently not available to the plaintiffs without discovery and are essential to plaintiffs' opposition to the motion for summary judgment.

Defendant Ronald Foster responds to plaintiffs' motion for discovery by stating that the issue raised in his motion for summary judgment is very narrow and all of

the undisputed material facts necessary to a ruling on his motion are already before the court, therefore, additional discovery will add nothing to the undisputed facts submitted to the court.

Plaintiffs reply that in order to succeed on a claim for negligent entrustment, they must demonstrate that "a chattel was entrusted to one incompetent to use it with knowledge of the incompetence, and that its use was the proximate cause of injury or damage to another." *Watrous v. Johnson*, 2007 WL 4146289 at *2-*3 (Tenn.Ct.App. Nov. 21, 2007). Plaintiffs state that the documents submitted by Ronald Foster do not address the issue of his knowledge of his son's incompetence – his substance abuse. Further, it is reasonable to infer that the after-the-fact actions of Ronald Foster in reporting the vehicle as "stolen," and Aaron Foster's admission to stealing the vehicle from his father were self-serving attempts to cut off the liability of Ronald Foster.

In support of their motion for discovery under Rule 56(d), plaintiffs cite the case of *Strine v. Walton*, 323 S.W.3d 480 (Tenn.Ct.App. 2010), wherein the Tennessee court stated:

> Because the only proof addressing whether Walton actually was operating the vehicle with Father's consent comes form Father and Son, two very interested witnesses, we conclude that Father's evidence was insufficient to overcome the prima facie evidence created by the statute [Tenn. Code Ann. § 55-10-311] that Walton was operating the vehicle with Father's authority, knowledge, and consent."

*Id.* at 489. Plaintiffs state that Tenn. Code Ann. § 55-10-311 provides that "proof of ownership of the vehicle shall be prima facie evidence that the vehicle at the time of the

4

cause of action sued on was being operated and used with authority, consent and knowledge of the owner in the very transaction out of which the injury or cause of action arose." Plaintiffs assert that the reasoning applied by the court in *Strine* about the evidence from "two very interested witnesses" being insufficient to overcome the prima facie evidence is applicable to the case at bar. The court agrees.

It is well established that a plaintiff must receive "a full opportunity to conduct discovery" to be able to successfully defeat a motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986); *see also Celotex corp v. Catrett*, 477 U.S. 317, 322 (1986) ("the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"); *White's Landing Fisheries Inc. v. Buchholzer*, 29 F.3d 229, 231 (6th Cir. 1994) ("a grant of summary judgment is improper if the non-movant is given an insufficient opportunity for discovery").

Here, the parties have not conducted the initial discovery required by Rule 26, Federal Rules of Civil Procedure, or any other discovery. At this juncture in the proceedings, the court finds defendant's motion for summary judgment to be premature, and that the plaintiffs should be given an opportunity to develop their case through discovery. Accordingly, plaintiffs' motion for discovery under Rule 56(d) is **GRANTED**; and defendant's motion for summary judgment is **DENIED**, with leave to refile after the parties complete the necessary discovery.

## II. Motion to Amend the Complaint

Plaintiffs have moved the court for leave to amend their complaint. No opposition has been received to the motion. As Rule 15, Federal Rules of Civil Procedure instructs, leave to file an amended complaint shall be "freely given when justice so requires." Accordingly, for the good cause shown, plaintiffs' motion to amend their complaint is **GRANTED.**

## III. Conclusion

For the foregoing reasons, (1) defendant Ronald James Foster's motion for summary judgment [Doc. 17] is **DENIED;** (2) plaintiffs' motion for discovery under Rule 56(d), Federal Rules of Civil Procedure [Doc. 21] is **GRANTED**; and (3) plaintiffs' motion for leave to amend their complaint [Doc. 24] is **GRANTED.**

Plaintiffs are **DIRECTED** to file their amended complaint with the Clerk.

**IT IS SO ORDERED.**

ENTER:

s/ Thomas W. Phillips
United States District Judge